# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANALBERT SIEGRIST,<br><br>  Plaintiff,<br><br>  v.<br><br>J.J. JOHNSON, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-01976-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>[ECF No. 30] |

Plaintiff Vanalbert Siegrist is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Registered Nurse J.J. Johnson, Licensed Vocational Nurse Stringer, and Correctional Officer Dutra on Plaintiff's claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On December 8, 2014, Plaintiff filed a motion to amend his complaint. Defendants have not filed an opposition to Plaintiff's motion, and on December 15, 2014, Defendant Dutra filed a motion for summary judgment on the issue of exhaustion of the administrative remedies.

A plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after service of an answer or motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). When a party may no longer amend a pleading as a

matter of right under Rule 15(a)(1), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. "In determining whether to grant leave to amend, the Court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D. Cal. 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Because Plaintiff previously amended the complaint pursuant to the Court's screening order, leave of Court is necessary for further amendment. Although Defendants Stringer and Dutra have made an appearance in this action, Defendant Dutra only has moved for summary judgment on the issue of exhaustion of the administrative remedies. Defendant Johnson has not yet made an appearance in the action. Plaintiff seeks to amend his complaint to add Doctor L. Nguyen as a Defendant in this action. Plaintiff attaches administrative grievances to his motion in which he challenges the actions taken by Doctor Nguyen in relation to his allegations raised in the first amended complaint. Indeed, Plaintiff raised allegations in his first amended complaint as to Doctor Nguyen, however, Nguyen was not named as a Defendant. See ECF No. 14, Order, 3:27, 4:1 "[b]ack at PVSP, Dr. Nguyen placed Plaintiff back on the same medication that almost killed him because he did not know what else to do.")

Plaintiff's motion to amend shall be granted. There is no basis to find that Plaintiff's motion to amend is in bad faith, done to cause delay, or that Defendants would be prejudiced, at this juncture, by amendment. Although Plaintiff has previously amended the complaint it was pursuant to the Court's screening order. Accordingly, Defendants having filed no opposition, and upon consideration of the foregoing, the Court finds good cause to grant Plaintiff leave to amend the complaint.

Although Plaintiff failed to comply with Local Rule 137(c) by not submitting a proposed amended complaint contemporaneously with the motion for leave to amend, the Court will excuse the requirement and direct Plaintiff to submit an amended complaint within thirty (30) days. Plaintiff is advised that the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the first amended complaint must be completely stated again in the amended complaint.  Finally, Plaintiff is advised that he is allowed leave to amend only to add his claim(s) as to Defendant Doctor Nguyen.

        Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed December 8, 2014, is GRANTED; and
2. Within thirty (30) days from the date of service of this order, Plaintiff may file a second amended complaint.

IT IS SO ORDERED.

Dated:   **January 13, 2015**

                                            UNITED STATES MAGISTRATE JUDGE