UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANALBERT SIEGRIST,<br><br>    Plaintiff,<br><br>    v.<br><br>J.J. JOHNSON, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01976-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF APPOINTMENT OF COUNSEL<br><br>[ECF No. 37] |

Plaintiff Vanalbert Siegrist is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 5, 2015, Plaintiff filed a motion for reconsideration of the Court's order denying his second request for appointment of counsel.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J., 5 F.3d at 1263.

Motions for reconsideration should not be frequently or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify

reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff has failed to provide a basis to grant his motion for reconsideration. Plaintiff asserts essentially the same arguments he presented in his second motion for appointment of counsel. The Court reviewed Plaintiff's arguments prior to ruling and issuing a denial of his second motion for appointment of counsel. Plaintiff has not shown clear error or other meritorious grounds for relief from that order. Plaintiff's case does not present exceptional circumstances, and the Court cannot, at this stage of the proceedings, conclude that Plaintiff is likely to succeed on the merits or that he cannot adequately litigate and articulate his claims. Plaintiff's limited access to resources and law library do not demonstrate exceptional circumstances, and this Court is faced with cases brought by prisoners in similar circumstances almost daily.

Accordingly, Plaintiff's motion for reconsideration of the Court's January 3, 2015, order denying his second request for appointment of counsel must be DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2015**

UNITED STATES MAGISTRATE JUDGE