**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANALBERT SIEGRIST, | ) Case No.: 1:10-cv-01976-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING DEFENDANT J.J. |
| v. | ) JOHNSON, WITHOUT PREJUDICE, PURSUANT |
| | ) TO RULE 4(M) OF THE FEDERAL RULES OF |
| J.J. JOHNSON, et al., | ) CIVIL PROCEDURE |
| | ) |
| Defendants. | ) [ECF Nos. 43, 44, 50] |
| | ) |
| | ) |

Plaintiff Vanalbert Siegrist is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I. PROCEDURAL BACKGROUND

This action is proceeding against Defendants J. J. Johnson, Stringer, and Dutra for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The United States Marshal has not been able to locate and serve Defendant Johnson. (ECF No. 43.) Accordingly, on March 17, 2015, the Court ordered Plaintiff to show cause why Defendant J.J. Johnson should not be dismissed pursuant to Rule 4(m). (ECF No. 44.)

Plaintiff filed a response to the order to show cause on April 16, 2015. (ECF No. 50.) Plaintiff requests the Court compel the Warden to disclose the address for Defendant Johnson and/or to appoint counsel to assist Plaintiff is discovering the address for Defendant Johnson.

1

## II. DISCUSSION

In cases, involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and … should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), *overruled on other grounds by* Sandin v. Conner, 515 U.S. 472, 483–84 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  Thus, while an incarceration pro se litigant proceeding in forma pauperis is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after being provided with the necessary information to effectuate service.  Puett, 912 F.2d at 275.  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-1422.

As Plaintiff has been previously informed, because the Marshal has been unable to ascertain the proper location for Defendant J.J. Johnson, Plaintiff must provide further information for service of the process or suffer dismissal of his claims against Defendant J.J. Johnson.  See Walker, 14 F.3d at 1421-1422 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).  In this instance, the Marshal forwarded the service packet to Pleasant Valley State Prison, in Coalinga, California, which was forwarded to the special investigator who was unable to locate Defendant J. J. Johnson.  (ECF No. 43.)

The Court does not have the authority to compel the Warden, who is not a party to this action, to provide Plaintiff with the address for J.J. Johnson.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("a court has *no* power to adjudicate a personal claim or obligation

2

unless it has jurisdiction over the person of the defendant.") (emphasis added); <u>S.E.C. v. Ross</u>, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

In addition, although in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1), <u>Rand v.</u> <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), the fact that Plaintiff is unable to locate and provide an address for service of Defendant J.J. Johnson does not present extraordinary circumstances to justify the appointment of counsel, as such circumstance is common to almost all prisoners.

The attempts to identify and locate Defendant J.J. Johnson have been unsuccessful and Plaintiff has not provided a current address.  Consequently, because Plaintiff has not served Defendant J.J. Johnson, provided sufficient information for the Marshal to do so, or shown good cause for his failure to do so, Defendant J.J. Johnson must be dismissed, without prejudice, pursuant to Rule 4(m).

### III. ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendant J.J. Johnson is DISMISSED from the action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   **April 30, 2015**                    **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE