UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANALBERT SIEGRIST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.J. JOHNSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01976-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>[ECF Nos. 62, 66] |

Plaintiff Vanalbert Siegrist is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

On February 16, 2016, Plaintiff filed a motion to compel. (ECF No. 62.) Defendants filed a response on March 1, 2016. (ECF No. 64.)

Plaintiff filed a second motion to compel on March 7, 2016, and Defendants filed a response on April 6, 2016. (ECF Nos. 66, 67.) On April 18, 2016, Defendants filed a request for leave to file a supplemental response to Defendants' oppositions to Plaintiff's motions to compel. (ECF No. 69.)

///

///

///

1

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 57, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery

2

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**A. First Motion to Compel**

In his first motion to compel, filed February 16, 2016, Plaintiff seeks all medical records that are in Defendants' possession. (ECF No. 62.)

Defense counsel submits that Plaintiff did not serve Defendants with a request for production of documents. (ECF No. 64-1, Decl. of T. Sheehy ¶ 2.) Defendants only became aware of Plaintiff's request by way of electronic service of his motion to compel on February 16, 2016. However, defense declares:

///

///

3

> After receiving an electronic copy of Plaintiff's Motion to Compel Request for Production of Documents on February 16, 2016 (ECF No. 62), and despite not having received a Request for Production of Documents from Plaintiff, I drafted a letter to Plaintiff and instructed my secretary to copy and send all medical records in my file to Plaintiff. These medical records, obtained from the California Department of Corrections and Rehabilitation (CDCR), were mailed to Plaintiff on February 17, 2016. I then requested my paralegal to obtain updated medical records for Plaintiff from CDCR.
>
> I then received updated medical records for Plaintiff and forwarded those, and one other overlooked file of medical records, to Plaintiff under separate cover on February 25 and 26, 2016.
>
> I provided Plaintiff with copies of these medical records in the absence of a Request for Production of Documents as a courtesy, and in the interests of expediency and judicial economy. I have therefore provided copies of all of Plaintiff's medical records in my possession, custody, and control as of February 26, 2016.

(Id. ¶¶ 3-5.)

Based on defense counsel's representation, Plaintiff has been provided with all medical documentation in Defendants' possession, custody, and control, notwithstanding the fact that counsel never received a request for such production. Accordingly, Plaintiff's motion to compel shall be denied.

### B. Second Motion to Compel

In his second motion to compel, filed March 7, 2016, Plaintiff moves for an order directing Defendants to produce his medical records from 2009 through 2010. (ECF No. 66 at 1:19-21.) As with Plaintiff's first motion to compel, Defendants never received a request for production of documents. (ECF No. 68-2, Decl. of T. Sheehy ¶ 2.) Defendants only became aware of Plaintiff's request for production of documents by way of his filing the motion to compel. In response to Plaintiff's first motion to compel, defense counsel sent Plaintiff copies of his medical records through October of 2014 which were in counsel's possession. (Id. ¶ 3, Ex. A.)

Defense counsel also requested and received from officials at Kern Valley State Prison, copies of Plaintiff's medical records from October of 2014 through the present. (Id. ¶¶ 3-4.) Defense counsel provided Plaintiff a copy of those documents through the mail on February 25, 2016. (Id. ¶ 4, Ex. B.)

4

Then, on February 26, 2016, defense counsel mailed to Plaintiff copies of additional medical records that were overlooked during the process of send Plaintiff copies of his medical records on February 17 and 25, 2016. (Id. ¶ 5, Ex. C.)

Defense counsel submits that the copies of Plaintiff's medical records were sent to him in the absence of a request for production of documents as a courtesy and in the interests of expediency and judicial economy. (Id. ¶ 6.) Defendants have now provided Plaintiff with copies of all of his medical records in their possession, custody, and control as of February 26, 2016. (Id.) Based on defense counsel's representation, Plaintiff has been provided with all medical documentation in Defendants' possession, custody, and control, notwithstanding the fact that counsel never received a request for such production. Accordingly, Plaintiff's second motion to compel shall be denied.

### C. Defendants' Request to Supplement Response

Defendants' request to supplemental their responses to Plaintiff's motion to compel discovery is granted. Defendants submit that Plaintiff was recently deposed on April 7, 2016 and testified that he has all of his prison medical records. (ECF No. 69, Ex. A.) At the deposition, Plaintiff and defense counsel discussed the motions to compel and Plaintiff acknowledged that he received his medical records from defense counsel, and that as of the deposition date, Plaintiff believed he had everything that he needed except medical records from Coalinga Regional Medical Center. (Ex. A at 43:11-44:18.) Defense counsel represented to Plaintiff that he recently received a response to a subpoena for the hospital's medical records and he would send copies of those records to Plaintiff. (Id. at 44:19-45:12.) Other than that, Plaintiff stated "at this time," there were no other discovery issues or disputes for which he had concerns. (Id. at 45:13-16.)

Based on the record and briefing provided, it is clear that Plaintiff now has up-to-date possession of all medical documentation that is within Defendants' possession, custody and control, and Plaintiff's motions to compel must be denied.

///
///
///
///

5

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request to supplement their responses to Plaintiff's motions to compel is GRANTED; and

2. Plaintiff's motions to compel, filed February 16, 2016, and March 7, 2016, are DENIED.

IT IS SO ORDERED.

Dated: **April 19, 2016**

UNITED STATES MAGISTRATE JUDGE